# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                        Plaintiff,<br>   vs.<br>DAMIAN NORIEGA,<br><br>                                        Defendant. | CASE NO. 95cr2205-005-JM<br><br>**ORDER DENYING EX PARTE APPLICATION AND FORMAL REQUEST FOR SPEEDY TRIAL** |

On February 24, 2009, Defendant filed an ex parte application and formal request for speedy trial, referring to the Speedy Trial Act of 19744, 18 U.S.C. § 3161.  (Doc. No. 166.)  By way of background, on November 16, 2005, this court issued a no-bail bench warrant for Defendant's arrest for violation of the conditions of his supervised release.  Defendant is currently incarcerated on state charges at California Training Facility-South in Soledad, California.  He expects to be released on November 13, 2009.

Under 18 U.S.C. § 3161(b), an indictment must be filed within thirty days from the date on which the defendant "was arrested or served with the summons."  The Speedy Trial Act is only triggered when a defendant is detained "in connection with" the charges on which the defendant is later tried.  U.S. v. Hoslett, 998 F.2d 648, 652 (9th Cir. 1993).  Since Defendant has not been arrested in connection with any federal charges, and will not face indictment by virtue of his violation of supervised release, the Speedy Trial Act affords him no relief.

Given the procedural posture of this case, the court construes Defendant's submission as a

1  renewed motion to admit the supervised release violation(s) and to request the imposition of a
2  sentence in absentia to run concurrently with the state-imposed sentence he is currently completing.
3  See Fed.R.Crim.P. 32.1.  Defendant submitted a similar request in 2006.  As before, since Defendant
4  is not presently in federal custody, Rule 32.1 of the does not apply to him.  In addition, Defendant
5  cannot demonstrate any prejudice if a revocation hearing is conducted after he completes his state
6  sentence because the delay in the revocation hearing is due solely to his own conduct.  See United
7  States v. Wickham, 618 F.2d 1307 (9th Cir. 1979).

8      For the reasons set forth above, Defendant's request (Doc. No. 166) is **DENIED**.

9      **IT IS SO ORDERED.**

10 DATED: March 5, 2009

11 _____
12 Hon. Jeffrey T. Miller
   United States District Judge

- 2 -

95cr2205-005